**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRENCE MCCORMICK,

    Plaintiff,

v.                                                    Case No. 10-11382

CITY OF PONTIAC, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER**
**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT TEAMSTERS**
**STATE COUNTY MUNICIPAL WORKERS LOCAL UNION #214'S**
**MOTION TO DISMISS AND FOR STAY OF PROCEEDINGS;**
**(2) GRANTING DEFENDANT CITY OF PONTIAC'S MOTION TO DISMISS**
**PER FED. R. CIV. P. 12(b); AND**
**(3) GRANTING DEFENDANT STEPHANIE MCCOY'S MOTION TO**
**DISMISS AND BRIEF IN SUPPORT**

Pending before the court are three motions to dismiss the claims of Plaintiff under Federal Rule of Civil Procedure 12(b). On June 23, 2010, Defendant Teamsters State County Municipal Workers Local Union #214 ("Local #214") file a motion to dismiss and for stay of proceedings. [Dkt. # 13] On July 1, 2010, Defendant City of Pontiac ("Pontiac") [Dkt. # 16] and Defendant Stephanie McCoy ("McCoy") [Dkt. # 17] filed motions to dismiss. Plaintiff responded [Dkt. ## 21-23] to each motion on July 23, 2010, and Defendants Pontiac [Dkt. # 24] and McCoy [Dkt. # 25] replied on August 6, 2010. The motions are substantively identical, and they are considered together for convenience. The court has reviewed these documents and concluded that a hearing is unnecessary to resolve the motions. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, this court has subject matter jurisdiction but will grant the motions

because Plaintiff has failed to state a claim upon which relief can be granted with respect to Counts I & II. With no remaining federal claims, the court will decline to exercise jurisdiction over the state law defamation claim contained in Count III.

**I. BACKGROUND**

Plaintiff is a resident of the State of Michigan.[1] (Compl. ¶ 1.) Pontiac is a "municipality created by and under the laws of the State of Michigan, with its principal place of business in the . . . State of Michigan." (Compl. ¶ 2.) McCoy is an employee of Pontiac in the State of Michigan and had supervisory power over Plaintiff at all relevant times. (Compl. ¶ 3.) Local #214 is an association chartered and conducting business in the State of Michigan. (Compl. ¶ 4). A collective bargaining agreement existed at all relevant times between Pontiac and Local #214. (Compl. ¶ 13.) Plaintiff alleges that the following actions by Pontiac and Local #214 violated that collective bargaining agreement. (Compl. ¶ 41.)

On July 28, 2009, Plaintiff placed a personal order for a date book from an office supply company from which he also placed orders in the course of his employment. (Compl. ¶ 15-16.) On or after October 8, 2009, Plaintiff paid for the date book using personal funds. (Compl. ¶ 18-19.) On October 8, 2009, McCoy made defamatory and false accusations of conversion of public funds based upon this personal office supply order. (Compl. ¶ 20.) Plaintiff was thereafter suspended without pay. (Compl. ¶ 21.)

---

[1] For purposes of reviewing these motions to dismiss under Fed. R. Civ. P. 12(b)(6), the facts alleged in Plaintiff's complaint are assumed to be true, and all facts and inferences are viewed in the light most favorable to Plaintiff. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

The grievance policies contained in a collective bargaining agreement between Pontiac and Local #214 were not followed during Plaintiff's suspension, despite repeated demands by Plaintiff. (Compl. ¶32-34.) Plaintiff contends these actions caused him various injuries, including lost earnings and benefits, mental distress and humiliation, and harm to his personal reputation. (Compl. ¶ 42.)

Plaintiff filed his "Complaint and Jury Demand" on April 7, 2010, asserting claims under §301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and a common law claim of defamation under Michigan law. Although Plaintiff does not clearly specify against which Defendant or Defendants each claim is brought, it appears the LMRA claims (Counts I & II) are brought against Pontiac and Local #214 and that the defamation claim (Count III) is brought against McCoy and Pontiac. Plaintiff does clearly specify that this case is brought "pursuant to 28 USC § 1331, federal question jurisdiction." (Compl. ¶ 6.) Defendants each filed motions to dismiss either (1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or, alternatively, (2) for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiff's federal claims should be dismissed and his remaining state law claims should be dismissed for lack of subject matter jurisdiction.

### III.  COUNTS I & II — LMRA § 301(a)
#### A.  SUBJECT MATTER JURISDICTION

Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under Federal Rule of Civil Procedure 12, a party may move to dismiss a

3

complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff's pleading only asserts federal question jurisdiction. It could not survive on diversity jurisdiction because all parties are citizens of the State of Michigan. Therefore, only subject matter jurisdiction is discussed.

Plaintiff claims federal question jurisdiction solely under LMRA § 301(a). (Compl. ¶ 44.) This section states:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. 185(a). Defendants' motions correctly note that the term "employer" is defined in the LMRA to exclude "any State or political subdivision thereof." 29 U.S.C. § 152(2). A public library operated by a municipality can fall within the scope of the "political subdivision" exemption. *See* Rosenberg Libr. Ass'n 269 N.L.R.B. 1173 (1984). Therefore, Defendants argue that there is no federal question.

The standard for reviewing a motion to dismiss for lack of subject matter jurisdiction was clarified in *Arbaugh v. Y & H Corporation.* 546 U.S. 500 (2006). Courts are to eschew reading jurisdictional limitations into statutes unless Congress "clearly states" that an element is a jurisdictional limitation. *Id.* at 515-16. Courts in this circuit have since read the language of LMRA §301(a) as requiring neither a violation nor a contract as jurisdictional prerequisites. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009); *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000 (6th Cir. 2009). Based on the structure of LMRA §301(a), the *Winnett* court reasoned that either none of the elements of Section 301(a) can be jurisdictional or all must be jurisdictional. 553 F.3d at

4

1006. That court then held that the existence of a contract is not a limitation on jurisdiction. *Id.* at 1007. It follows that no element of the prima facie case presents a limitation on subject matter jurisdiction and that whether Pontiac was an "employer" within the scope of 29 U.S.C. § 152(2) is not determinative of this court's jurisdiction under 28 U.S.C. § 1331. *See Majied v. Cuyahoga Co. Bd. of Comm'rs*, No. 09-cv-344, 2009 WL 2496883 (N.D. Ohio Aug. 14, 2009).

Therefore, dismissal on jurisdictional grounds would be inappropriate.

### B. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants alternatively move to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending the complaint fails to state a claim upon which relief can be granted. In this context, the inability of Plaintiff to state a claim within the scope of LMRA §301(a) as limited by the definition of "employer" in 29 U.S.C. 152(2) is dispositive.

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. *Tackett* at 561 F.3d 488 (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Even if this court were to read "possible" for "plausible," Plaintiff's complaint would nonetheless fail to state a cognizable claim.

Plaintiff has not, indeed cannot, make a prima facie case on Counts I & II because the complaint admits that Pontiac is a "municipality created by and under the laws of the State of Michigan." (Compl. ¶ 2.) Plaintiff states a federal claim solely under LMRA § 301(a), which encompasses "[s]uits for violations of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "Employer" is defined broadly in the LMRA "but shall not include . . . any State or political subdivision thereof." 29 U.S.C. § 152(2). Accordingly, Plaintiff's complaint fails to state a prima facie case for the LMRA §301(a) claims.

## V. COUNT III — DEFAMATION

Plaintiff's final claim is one of common law defamation. Although Plaintiff urges this court to exercise supplemental jurisdiction over the state law claim, no argument has been proffered to suggest this is appropriate in the instant case. (Plaintiff's Response, pg. 12.) This court will therefore decline to retain the state law claim.

A district court "may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). In particular, there is a "strong presumption in favor of dismissing supplemental claims" after a 12(b)(6) dismissal. *Id.* The two reasons for this presumption are: (1) "a 12(b)(6) dismissal usually comes early in the proceedings, when the court has not yet invested a great deal of time into resolution of the state claims," and (2) "a 12(b)(6) dismissal implies that the substance of the federal claims was somehow lacking." *Id.* However, this

presumption can be overcome in "unusual circumstances." *Id.* (noting that the "Second Circuit has suggested that these 'unusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.'" (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)).

The balance of considerations in this case point to dismissing the state law claim. Both of the reasons underlying the presumption of dismissal after a Rule 12(b)(6) dismissal of the federal claims are present here. It is "early in the proceedings," as Plaintiff initiated the case on April 7, 2010, and, before filing a responsive pleading, Defendants filed a motion to dismiss. Accordingly, the court "has not yet invested a great deal of time into resolution of the state claims." *Id.* Besides the motion to dismiss, no other substantive documents have been filed. Nor have any conferences or hearings been held. Moreover, the substance of the federal claim was certainly lacking. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Teamsters State County Municipal Workers Local Union #214's Motion to Dismiss and for Stay of Proceedings [Dkt. # 13] is GRANTED IN PART and DENIED IN PART. It is granted to the extent the motion seeks dismissal of Plaintiff's claims. It is denied to the extent that it seeks a stay of proceedings because such stay is mooted by the dismissal.

IT IS FURTHER ORDERED that Defendant City of Pontiac's Motion to Dismiss per Fed.R.Civ.P. 12(b) [Dkt. # 16] is GRANTED.

IT IS FURTHER ORDERED that Defendant Stephanie McCoy's Motion to Dismiss and Brief in Support [Dkt. # 17] is GRANTED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 18, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-11382.MCCORMICK.Grant.Dismiss.12(b)(6).nkt.wpd